UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK C. DOWNEY,<br><br>                              Plaintiff,<br><br>    v.<br><br>SERGEANT JENNINGS,<br><br>                              Defendant. | Case No. C23-5100-JCC-SKV<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, his petition for writ of habeas corpus, and the balance of the record, recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a viable claim for relief.

## II.    DISCUSSION

Plaintiff Mark Downey is a state prisoner who is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. On February 7, 2023, Plaintiff submitted to the

REPORT AND RECOMMENDATION - 1

Court for filing a prisoner civil rights complaint and a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkts. 1-1, 1-2. Plaintiff was at that time confined at the Washington Corrections Center ("WCC"), which is where the events giving rise to his civil rights claims occurred. *See* Dkt. 7. Plaintiff's federal habeas petition sought to challenge a 2022 judgment and sentence of the Snohomish County Superior Court. *See* Dkt. 8.

The claims asserted by Plaintiff in his civil rights complaint all appeared to relate to the conduct of a single WCC employee, Sergeant Jennings. *See* Dkt. 7. Though Plaintiff's presentation of his claims was somewhat confusing, the Court identified three basic claims in the pages of his pleading. Plaintiff first alleged that he was assaulted by a transgender inmate at WCC and, when he reported the assault, Sergeant Jennings called him a liar. *See id*. at 4-5. Plaintiff claimed that Sergeant Jennings would have known the transgender inmate was violent if she had looked at that inmate's jail record. *Id*. at 4. Plaintiff also claimed that prior to the assault, he complained "2 or 3 times" about the transgender inmate and "what he was doing," apparently by writing notes to Sergeant Jennings and others. *See id*. at 5, 9. Plaintiff failed to make clear in his pleading whether his primary complaint was that Sergeant Jennings purportedly called him a liar when he reported the assault, or that Sergeant Jennings and/or other WCC employees failed to act to prevent the assault.

Plaintiff also alleged in his complaint that he was denied access to mental health or medical staff following the assault. *See* Dkt. 7 at 4, 6, 9. Plaintiff claimed that he asked to speak to mental health because of the assault, a request he apparently made on a Saturday, and he told Sergeant Jennings that he "wanted to take a nose dive off of the top tier," but she responded that it could wait until Monday. *See id*. at 4, 9.

REPORT AND RECOMMENDATION - 2

Finally, Plaintiff alleged in his complaint that he told Sergeant Jennings and two of her officers that he had epilepsy, but they still assigned him to a top bunk. *See* Dkt. 7 at 5, 6, 7, 10. Plaintiff claimed that they knew he was supposed to be assigned to a bottom bunk, and he claimed in the alternative that they failed to confirm that he had epilepsy and/or that he required a bottom bunk. *Id*. at 5. Plaintiff asserted that he thereafter suffered a seizure and fell off the top bunk and injured his neck. *See id*. at 5, 6, 7, 8, 10. Plaintiff further asserted that the damage done to his neck during the fall could result in permanent nerve damage. *Id*. at 10. Plaintiff identified Sergeant Jennings as the only Defendant in his complaint, and he requested $10 million in damages.

In his petition for writ of habeas corpus, Plaintiff asserted a single ground for relief which appeared to relate to the testimony of the State's primary witness at trial. *See* Dkt. 8 at 3. Plaintiff claimed that the witness "was in my favor," but her trial testimony apparently did not reflect that. *See id*. The witness's trial testimony was also apparently inconsistent with what she told Plaintiff's defense counsel during a pretrial interview, and Plaintiff complained that his attorney did not inform the judge of this inconsistency. *Id*. Plaintiff made clear in his petition that he had not appealed his judgment and sentence, and he gave no indication that he had sought any form of post-conviction relief. *See id*. at 2.

After reviewing Plaintiff's submissions, this Court concluded that Plaintiff had not stated any viable claim for relief in either of his pleadings. Thus, on March 9, 2023, this Court issued an Order declining to serve both Plaintiff's civil rights complaint and his federal habeas petition. Dkt. 9. The Court set forth therein the pleading standards applicable to Plaintiff's civil rights complaint and went on to explain that Plaintiff's complaint was deficient because it did not comply with those standards. *See id*. at 3-5. The Court noted, in particular, that Plaintiff's

REPORT AND RECOMMENDATION - 3

claims were confusing and duplicative, that he failed to identify the constitutional harm he believed he had suffered as the result of the alleged misconduct, and that the facts alleged in support of his claims lacked sufficient specificity to demonstrate that Sergeant Jennings, the only Defendant named in the complaint, had personally participated in causing Plaintiff harm of federal constitutional dimension. *Id*. at 5. The Court went on to note that Plaintiff's claims appeared to implicate his rights under the Eighth Amendment and the Court set forth the specific standard applicable to such claims. *Id*. at 5-6. The Court then advised Plaintiff of what he would need to do to adequately state a claim for relief under the Eighth Amendment and granted him leave to file an amended complaint correcting the deficiencies identified in his original pleading. *Id*. at 6-8.

With respect to Plaintiff's petition for writ of habeas corpus, the Court noted that Plaintiff had apparently not exhausted his state court remedies with respect to the claim asserted therein. *See* Dkt. 9 at 7-8. Plaintiff was advised that once he properly exhausted any claims upon which he may want to seek federal habeas relief in the state courts, he could file a new federal habeas action under 28 U.S.C. § 2254. *Id*. at 8.

Plaintiff was given thirty days to file his amended complaint and was advised that if he failed to timely file an amended pleading the Court would recommend that this the action be dismissed. To date, Plaintiff has filed no amended complaint. Because Plaintiff failed to state any viable claim for relief in his original civil rights complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, his civil rights complaint must be dismissed. Plaintiff's federal habeas petition must likewise be dismissed because Plaintiff makes no showing that the claim asserted therein has been properly exhausted in the

REPORT AND RECOMMENDATION - 4

state courts, and because a petition for writ of habeas corpus must be filed in a separate case and not as a part of a civil rights action.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a viable claim for relief.  The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect the right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 2, 2023**.

DATED this 8th day of May, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5